State v. Griffin

STATE OF NORTH CAROLINA v. RICKY LEE GRIFFIN

No. 861SC702

(Filed 17 March 1987)

**Assault and Battery § 14.4; Robbery § 4.7— assault with deadly weapon—robbery with dangerous weapon—defendant not at crime scene—no aider or abettor— insufficiency of evidence**

In a prosecution for robbery with a dangerous weapon and assault with a deadly weapon inflicting serious bodily injury, evidence was insufficient to be submitted to the jury where it did not place defendant at or near the crime scene when the crimes were committed; it did not show that defendant encouraged or counseled the perpetrator and thus was constructively present at the crime scene, nor did it show that he aided and abetted the commission of the offenses; and the evidence did not show that defendant ever possessed, received, controlled or used any of the money stolen from the victim.

APPEAL by defendant from *Brown, Frank R., Judge.* Judgments entered 10 April 1986 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 9 December 1986.

Defendant and his codefendant, Ron Johnson, were convicted of robbery with a dangerous weapon in violation of G.S. 14-87 and assault with a deadly weapon inflicting serious bodily injury in violation of G.S. 14-32(b). The crimes arose out of one incident and the victim of both was Logan Sharber, who owned and operated a small grocery store in rural Pasquotank County. This appeal concerns only the convictions of defendant Griffin and the sufficiency of the State's evidence against him, as he offered none of his own. In pertinent part the State's evidence was as follows:

*Logan Sharber testified that:* During the afternoon of 24 January 1986 a person came to his store, ordered a Coke and paid

for it, and when he put the money in the cash drawer and looked up there was a gun barrel poking at his head. He grabbed the gun barrel and somebody or something hit him over the head and he passed out. The cash drawer contained a little paper money and some change, but his billfold contained between three and four hundred dollars in twenties, tens, fives and ones. When he regained consciousness his head was lacerated and bleeding and his money was gone. Defendant was raised across the field from his store and he had known him ever since he was able to walk. He did not see defendant come into his store that day or point a gun at him.

*Deputy Sheriff A. B. Twiford testified that:* On 24 January 1986 he went to Sharber's store where he saw blood and a metal rack on the floor and blood was dripping from the back of Sharber's head. Four days later when he talked with Sharber again, Sharber said he could not remember everything that happened but that some things were coming back to him. Sharber told him that a black male he did not recognize came into the store the afternoon of the robbery and bought a Coke and candy. On 13 February 1986 Ron Johnson told him that: On 24 January 1986 while visiting Delean Griffin, he went to Sharber's store, pushed Sharber down behind the counter, removed his wallet, and took the money, which he estimated amounted to $400; he tied Sharber's hands and feet with a belt and an electrical cord and then went back to the Griffin house; he offered Delean Griffin some of the money but she told him that she did not want any money and that he should leave, and he left.

*Delean Griffin testified that:* On 24 January 1986 Ricky Lee Griffin, her brother, came to her house with Ron Johnson; and that morning she, Johnson and defendant smoked marijuana, drank beer, and watched a Rambo movie. While she was in the kitchen washing dishes she heard some talk about needing money and heard Logan Sharber's name mentioned. About noon at their request she drove them to Sharber's store; when they got there Johnson got out of the car and returned to it about 15 minutes later. After she drove back home Johnson and defendant went to sleep. When they awakened about three hours later they smoked a joint of marijuana and about 15 or 20 minutes after Johnson and defendant started smoking marijuana she came out of her bedroom and they were gone. A shotgun, identified as State's Ex-

hibit Number 6, is her boyfriend's shotgun, and on 24 January 1986 it was in her bedroom. She did not know whether the gun was with defendant and Johnson when they left her house after 3:30 p.m. She next saw Ron Johnson about 15 minutes later on her porch and he had a lot of paper money in his hand. Defendant returned to her house sometime later and had the shotgun. She told her boyfriend to hide the gun, but she got it when Deputy Twiford and SBI Agent Ransome interviewed her on 12 February 1986. The gun had not been fired in two years and she did not know if it worked or not. She did not know whether Johnson and defendant left her house together on 24 January 1986. After they came back Johnson offered her money; defendant did not offer her any money. She did not know what, if anything, happened while defendant and Johnson were gone.

*Dwight Ransome, an SBI agent, testified that:* Logan Sharber told him that: On Friday, 24 January 1986, a black male entered the store and requested a Coke; after giving the Coke to him and turning around and walking to the other side of the counter he was struck on the head with what he thought was an iron or metal pipe; he did not know how many times he was hit nor with what, and only remembered being on the floor with blood on the floor near the front counter; he could not identify the black male that came into his store. On 12 February 1986 Delean Griffin showed him and Twiford where the gun was hidden; it was a .410 shotgun broken down in three pieces, which he bagged and turned over to Deputy Twiford. And in *corroboration* of Delean Griffin he testified that she told him that defendant and Johnson came to her house during the morning of 24 January 1986 at about 10 o'clock and started watching the movie Rambo; that they talked about needing some money and were laughing about robbing Sharber; and that she told them that they should not rob him.

*Attorney General Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*William T. Davis for defendant appellant.*

PHILLIPS, Judge.

The defendant rightly contends, in our opinion, that the evidence presented against him was insufficient to support his conviction. While the evidence is sufficient to establish that the

crimes charged were committed and that Ronald Johnson committed them, it does not tend to show that defendant either committed or participated in them; it only raises a suspicion that defendant participated in the crimes in some unspecified and speculative way, which is not enough to support a criminal conviction under our law. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982). The deficiencies in the State's evidence are numerous. Though the crimes defendant was convicted of were committed in Sharber's store, no evidence places him at or near the store when the crimes were committed; all that the evidence shows is that he was away from his sister's house at that critical time, which is not enough to justify the inference that he was then at or near the store helping Johnson in the robbery. The evidence does not show that defendant encouraged, counseled or arranged for Johnson to commit the offenses, and thus was constructively present at the criminal scene, or that he aided and abetted the commission of the offenses by serving as Johnson's lookout, or by doing anything else to facilitate the commission of the crimes. Nor does the evidence show that defendant ever possessed, received, controlled, or used any of the stolen money. The evidence that defendant returned to his sister's house carrying her boyfriend's shotgun some time after Johnson returned from robbing Sharber is no indication either that *that gun* was used by Johnson in robbing or beating Sharber, or that defendant gave the gun to him. The only evidence that a gun was used in committing the crimes came from Mr. Sharber, who said that a gun was pointed at him and he grabbed it; but he did not describe the gun and there is no evidence that either Johnson's or Sharber's fingerprints were on the shotgun that defendant was carrying. Thus, whether the gun used in robbing Sharber's store was a handgun, or a shotgun, or a rifle, we have no way of knowing; and that defendant's sister, who was not acting for the defendant so far as the evidence shows, told her boyfriend to hide his shotgun only adds to the suspicion. Finally, even if the testimony of the SBI agent that Delean Griffin told him that defendant and Johnson were laughing about needing money and robbing Sharber had not been received for the limited purpose of corroborating Delean Griffin, which it did not do since she did not testify that she heard anything said about robbing Sharber, it is not enough under the circumstances of this case to support the inference that defendant agreed to rob Sharber and

kept the agreement by taking some step to accomplish the rob-
bery.

Thus, the judgments against defendant Ricky Lee Griffin are
herewith vacated.

Vacated.

Judges ARNOLD and ORR concur.